UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR E. VARGAS, | ) | CASE NO. CV 17-9143-PJW |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | DENYING PETITION, DISMISSING |
| | ) | ACTION WITH PREJUDICE, AND |
| J. GASTELO, WARDEN, | ) | DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| Respondent. | ) | |

I.

INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner claims that his conviction should be overturned because the prosecution failed to prove his guilt beyond a reasonable doubt, his trial counsel was ineffective, the statute he was convicted under is unconstitutional, and the jury was prejudiced against him because he interrupted voir dire to complain about his lawyer. For the reasons set forth below, the Petition is denied and the action is dismissed with prejudice.

## II.
## SUMMARY OF PROCEEDINGS

A. <u>State Court Proceedings</u>

In 2015, a jury in Los Angeles County Superior Court found Petitioner guilty of carrying a concealed dirk or dagger. (Clerk's Transcript ("CT") 78.) The trial court determined that he had a prior strike under California's Three Strikes law and had served two prior prison terms and sentenced him to five years in prison. (CT 21-22, 99, 111, 114-15.)

Petitioner appealed to the California Court of Appeal, which affirmed the judgment. (Lodged Doc. Nos. 1-4.) He then filed a petition for review in the California Supreme Court, which was summarily denied. (Lodged Doc. Nos. 5-6.)

While his appeal was pending, Petitioner filed habeas corpus petitions in the Los Angeles County Superior Court and the California Court of Appeal, both of which were denied, in part because his appeal was still pending. (Lodged Doc. Nos. 7-8; Petition for Writ of Habeas Corpus, Exh. A.) He also filed a habeas corpus petition in the California Supreme Court, which was summarily denied. (Lodged Doc. Nos. 9-10.)

## III.
## FACTUAL SUMMARY

The following statement of facts was taken verbatim from the California Court of Appeal's opinion affirming Petitioner's conviction:

> Around 1:30 p.m. on July 20, 2015, [Petitioner] entered a 7-Eleven store in Reseda. [Petitioner] purchased a hot dog and went to the condiments island. A woman in a

wheelchair and her son also entered the store, purchased a hot dog, and went to the condiments island. At some point, the woman asked [Petitioner] to move so she could access the condiments.

[Petitioner] became angry and aggressive, rushed toward the woman, and called her a "cripple." The store owner called 911. The police arrived, and an officer escorted [Petitioner] outside. The officer conducted a pat down search of [Petitioner] and found a serrated kitchen knife inside [Petitioner's] waistband. The knife was underneath [Petitioner's] shirt and fully concealed from the officer's vision.

(Lodged Doc. No. 4 at 2-3.)

## III.

## STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

        (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Petitioner raised Grounds One, Two, and Four in his state habeas petitions, but the state courts denied those claims without explaining why. In this situation, the Court will review the entire record to determine whether there was *any* reasonable basis to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Hein v. Sullivan*, 601 F.3d 897, 905 (9th Cir. 2010).

The state appellate court addressed the merits of Petitioner's claim in Ground Three, which this Court presumes is the basis for the state supreme court's subsequent denial of the same claim. *See Wilson v. Sellers*, 584 U.S. \_\_\_, 138 S. Ct. 1188, 1193 (2018). In this situation, the Court looks to the appellate court's reasoning and will not disturb it unless it concludes that "fairminded jurists" would all agree that the decision was wrong. *Richter,* 562 U.S. at 102.

IV.

DISCUSSION

A. <u>Insufficient Evidence</u>

Petitioner claims that there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of carrying a dirk or dagger. There is no merit to this claim.

As the United States Supreme Court made clear in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), federal habeas corpus relief is not available based on a claim of insufficient evidence unless a petitioner can show that, considering the trial record in a light most favorable to the prosecution, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." The Court looks to state law to determine what evidence is necessary to convict. *Id*. at 324. In evaluating such claims, the Court presumes, even if it does not affirmatively appear in the record, that the jury resolved any conflicting inferences in favor of the prosecution. *Wright v. West*, 505 U.S. 277, 296-97 (1992). Further, the Court reviews the state court's denial of the claim "with an additional layer of deference," granting relief only where the decision is contrary to or an unreasonable application of *Jackson*. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

Petitioner was arrested with a 10-inch, serrated, kitchen knife tucked into his waistband and hidden underneath his shirt. He was convicted of carrying a dirk or dagger under California Penal Code § 21310. This statute prohibits people from carrying a concealed dirk or dagger that they know can be readily used to stab someone. CALCRIM Jury Instruction No. 2501.

Petitioner claims that there was insufficient evidence to prove beyond a reasonable doubt that he knew that the knife was capable of "readily being used as a stabbing weapon." (Petition at 5.) He points out that he never admitted to carrying the knife and claims that he did not think of it as a weapon. (Lodged Doc. No. 9 at 3, State Supreme Court Habeas Petition.[1]) He contends that, in lieu of evidence on the knowledge prong, the prosecutor merely argued that, "Everyone knows that a knife can be used for stabbing." (Lodged Doc. No. 9 at 3, State Supreme Court Habeas Corpus Petition.)

The arresting officer testified that he found the knife tucked into Petitioner's waistband and hidden by his shirt. (Reporter's Transcript ("RT") 322-24.) Clearly, that is enough evidence to establish beyond any doubt that Petitioner knew that he was carrying a knife. The fact that Petitioner never admitted to doing so is irrelevant.

As for proof that Petitioner knew that the knife could be used to stab someone, the knife was described by the officer for the jury and the jury was shown a photograph of the knife. (RT 322-23; Petition, Exh. E.) This was enough for the jury to conclude that the knife could be used to stab someone. *See, e.g., People v. Villagren*, 106 Cal. App.3d 720, 727 (1980) ("Just as an ordinary knife has the characteristics of a stabbing and cutting weapon, so has the hunting knife in this case. It is substantially made, and capable of inflicting a fatal wound." (internal citation omitted)); *People v.*

---

[1] Because Petitioner has not elaborated on the factual basis nor set out any legal support for his claims in the form Petition he filed in this court, the Court has assumed that he is incorporating the same arguments he raised in his habeas petition in the California Supreme Court, which he has attached to his federal Petition.

6

*Ferguson*, 7 Cal. App.3d 13, 19 (1970) (finding that a "butcher knife" has the characteristics of a "stabbing and cutting weapon"). The jury was further empowered to infer, based on all of the circumstances of this case, including Petitioner's age and experience, that he knew that the serrated kitchen knife he carried in his waistband, underneath his shirt, could be used to stab someone. As such, the state court's finding that there was sufficient evidence to support the conviction will not be disturbed.

B.    <u>Ineffective Assistance of Counsel</u>

In Ground Two, Petitioner claims that trial counsel was ineffective for failing to "present an amalgam of favorable evidence" at trial. (Petition at 5.) There is no merit to this claim.

The Sixth Amendment right to counsel guarantees not only assistance, but effective assistance, of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel, Petitioner must establish that counsel's performance fell below an "objective standard of reasonableness" and that the deficient performance prejudiced the defense, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 687–88, 694.

Petitioner contends that trial counsel erred by failing to show the jury the videotape of the interaction between Petitioner and the woman in the wheelchair inside the 7-Eleven. (Lodged Doc. No. 9 at 3.) He claims that the videotape shows that he never brandished the knife or even mentioned it during this confrontation.

This evidence is irrelevant. Petitioner was not charged with brandishing the knife and no one claimed that he did so or threatened

to use it in the store. Nor would his conduct in the store be relevant to any of the elements of the charged offense. Thus, counsel's failure to introduce the videotape could not have prejudiced the outcome of the case. *See*, *e.g.*, *Martinez v. Schriro*, 2012 WL 5936566, at *10 (D. Ariz. Nov. 27, 2012) (holding counsel was not ineffective for failing to introduce arguably irrelevant evidence).

Petitioner claims that trial counsel was ineffective for failing to object to the prosecutor's comment in his opening statement that he did not "think anyone in this room is going to get up and say that this knife couldn't be used as a stabbing weapon." (RT 352.) Petitioner has not demonstrated, however, that this comment was improper. Thus, even had counsel objected, there is no reason to believe that the objection would have been sustained. Trial counsel cannot be ineffective for failing to raise a meritless objection. *Juan H.*, 408 F.3d at 1273. Moreover, Petitioner has not demonstrated how this statement prior to the introduction of any evidence prejudiced the outcome of the trial.

Petitioner argues that counsel "was not persuasive enough" and did not perform up to "expected standards." (Lodged Doc. No. 9 at 3.) This claim is far too vague and conclusory to warrant relief. *See Villafuerte v. Stewart*, 111 F.3d 616, 631 (9th Cir. 1997) (denying claims of ineffective assistance that are vague and conclusory).

Petitioner claims that counsel should have objected when the trial court ordered a defense witness back to court on a date after the trial had ended. (Lodged Doc. No. 9 at 3.) Petitioner fails to cite any part of the record, however, showing that any witness was ordered back by the trial court, let alone that the trial court did so improperly. Thus, he has not met his burden of proof as to this

claim. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Finally, Petitioner blames counsel for failing to present "mitigating" evidence, including a copy of his parole conditions, a transcript of the 911 call to police, photographs of a "real" dagger, evidence of other knives he had in his backpack, a declaration that he was working that day, a private investigator's report that there were no plastic knives at the 7-Eleven, and a doctor's recommendation that he should be sent to a drug program and not to prison. (Lodged Doc. No. 9 at 3.) What Petitioner fails to do, however, is show how any of this "mitigating" evidence would have changed the outcome of this case. The evidence that Petitioner was carrying a concealed knife was straightforward and essentially uncontradicted. Further, it was clear that Petitioner knew that he was carrying the knife and it was reasonable for the jury to infer that Petitioner knew that the knife could be readily used to stab someone. None of the evidence that Petitioner faults counsel for failing to present would have undermined the overwhelming evidence proving that Petitioner was guilty. Thus, any error by counsel was harmless and, therefore, this claim is denied. *See Strickland*, 466 U.S. at 693-94 (holding ineffective assistance claim fails if no reasonable probability outcome of proceeding would have been different but for counsel's alleged deficient performance).

C. <u>Constitutionality of Criminal Statute</u>

In Ground Three, Petitioner contends that the California statute prohibiting the carrying of a dirk or dagger is overbroad. (Petition

at 6.) He argues that, as written, the statute criminalizes innocent conduct by people who do not harbor criminal intent. (Petition, Exh. C.) There is no merit to this claim.

The California Court of Appeal denied this claim based on *People v. Rubalcava*, 23 Cal.4th 322 (2000), in which the state Supreme Court rejected the argument that the statute was unconstitutionally overbroad because it did not require proof of specific intent. (Lodged Doc. No. 4 at 5.) In doing so, the appellate court noted that *Rubalcava* "rejected the defendant's assertion that the omission of a specific intent requirement in the dirk and dagger statute would result in a substantial infringement of rights guaranteed by the First and Fourth Amendments." (Lodged Doc. No. 4 at 7.) Finding that *Rubalcava* controlled, the appellate court declined "[Petitioner's] invitation to uproot firmly established Supreme Court precedent by finding" the dirk or dagger statute to be "unconstitutionally overbroad." (Lodged Doc. No. 4 at 9.)

The fact that it is possible to conceive of a constitutionally impermissible application of a statute is insufficient to invalidate the statute on its face. *City of Houston v. Hill*, 482 U.S. 451, 458 (1987). Rather, to succeed in a constitutional challenge based on overbreadth, a petitioner must demonstrate that the statute inhibits a *substantial* amount of constitutionally protected speech or conduct. *New York v. Ferber*, 458 U.S. 747, 768-69 (1982). A statute that does not have a substantial impact on speech or expressive conduct protected by the First Amendment will not support a facial challenge under the overbreadth doctrine. *City of Chicago v. Morales*, 527 U.S. 41, 52-53 (1999).

Here, Petitioner does not explain how the prohibition of carrying a concealed dirk or dagger infringes on *any* of his free speech rights, let alone how it inhibits a substantial amount of protected speech. Instead, he argues that the statute interferes with his right of travel and privacy. (*See* Petition, Exh. C.) However, "outside the limited First Amendment context, a criminal statute may not be attacked as overbroad." *Schall v. Martin*, 467 U.S. 253, 268 n.18 (1984); *see also McLeod v. Yates,* 2009 WL 5286608, at *15 (C.D. Cal. Nov. 5, 2009) ("No 'overbreadth' challenge will lie where, as here, [p]etitioner does not challenge the . . . statute on First Amendment grounds."). Thus, on its face, Petitioner's claim must be denied.

Further, even were the Court to consider the merits of this claim, it would fail because Petitioner has not demonstrated that the state courts' findings that the statute was not overbroad was objectively unreasonable or contrary to clearly established federal law. As the Supreme Court has stated, "[i]nvalidation [of a criminal statute] for overbreadth is strong medicine that is not to be casually employed." *United States v. Williams*, 553 U.S. 285, 293 (2008) (internal quotations omitted). Petitioner has failed to demonstrate that invalidating the dirk or dagger statute is warranted in this case. Accordingly, this claim does not merit relief.

D. <u>Prejudicial Conduct</u>

Finally, in Ground Four, Petitioner claims that the jury was prejudiced by his outburst during voir dire. (Petition at 6.) There is no merit to this claim.

During voir dire, in the presence of the prospective jurors, Petitioner interrupted the proceedings, exclaiming:

>        I don't want you as my attorney. I'm out of here. I
>     don't want him as my attorney. I want my *Faretta* rights. I
>     want to represent myself. It's a kitchen knife not a
>     dagger. Don't tell me to shut up. I can't talk to the guy.
>     I want to represent myself. My apologies to everyone. I'm
>     going to--god damn kitchen knife.
>
> (RT 14-15.)

The trial court ordered the jurors to leave the courtroom and conducted a *Marsden* hearing, ultimately denying Petitioner's motion to relieve counsel.[2] (RT 22-23; CT 49.) Petitioner's attorney then asked the court to dismiss "the entire panel based on it having been tainted and poisoned by [Petitioner's] acting out, defiant and foul attitude and words." (RT 23.) The court denied the request, explaining:

>        If that was the rule, . . . anyone who didn't like the
>     way things were going could act up in front of the jury so a
>     person can't get a panel if he likes just by acting up. I
>     will instruct the jury that they cannot use his antics,
>     things he said or did for or against him in this trial.
>     I'll ask if anyone can follow that instruction and then
>     we'll proceed with the jury selection.
>
> (RT 23; CT 50.)

Thereafter, the jurors returned to the courtroom and the trial court instructed them:

---

[2] Petitioner elected not to participate in the trial for the rest of the day, which continued in his absence. (RT 23; CT 50.) He did, however, return for trial the following day. (CT 79.)

12

```
 1            What [Petitioner] said in open court in front of you is
 2       not evidence in this case and, therefore, cannot be
 3       considered by any of you as evidence in this case.  Or for
 4       any reason at all.
 5  (RT 25.)
```

The trial court did not err in concluding that Petitioner was not entitled to a new venire because he acted up during jury selection. If trial courts had to bring in a new venire every time a defendant acted up, the defendants would be in charge and jury selection could only proceed for as long as they chose to cooperate. Clearly, that is not the rule and, in fact, the rule is to the contrary. *See Illinois v. Allen*, 397 U.S. 337, 345 (1970) ("A court must guard against allowing a defendant to profit from his own wrong . . . ."); *see also Williams v. Calderon*, 48 F. Supp.2d 979, 1027 (C.D. Cal. 1998) (holding petitioner "may not inject error into the proceeding by his own actions").

Here, the outburst was short-lived and, immediately after it was over, the trial court instructed the jurors that they could not consider it in rendering a verdict. Presumably, the jury followed that instruction. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

Finally, if there was error, any error was harmless. Petitioner has not demonstrated how his brief tirade during voir dire altered the outcome of this case where the evidence of his guilt was so overwhelming. *See, e.g., Drayden v. White*, 232 F.3d 704, 710 (9th Cir. 2000) (finding "admission" of Petitioner's outburst in front of the jury did not prejudice him in light of other evidence); *Williams*, 48 F. Supp.2d at 1028 (finding petitioner's in-court "outburst did not prejudice him at trial"). As such, this claim is rejected.

V.

CONCLUSION

For these reasons, the Petition is denied and the action is dismissed with prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED: September 7, 2018.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\VARGAS, O 9143\Memorandum Opinion and Order.wpd